UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
RASHAD RASHEED,              )
     Petitioner,             )
                             )
     v.                      )   C.A. No. 78-01176-MLW
                             )
                             )
PETER ST. AMAND,             )
     Respondent.             )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                        August 16, 2010

Pursuant 28 U.S.C. §2254, pro se petitioner Rashad Rasheed has filed for, and been denied, habeas relief three times. See Kines v. Butterworth, No. 78-1167 (D. Mass. May 3, 1979); Kines v. Ponte, No. 83-1054 (D. Mass. Aug. 6, 1985); Rasheed v. Bender, No. 87-1957 (D. Mass. Mar. 1, 1988). He has also repeatedly requested and been denied reconsideration, reopening of his petitions, and relief from judgment. Most recently, on December 4, 2009, the court denied Rasheed's fourth motion for reconsideration before this court. Petitioner has since filed another motion for reconsideration. In addition, Rasheed has filed a motion to appoint counsel, requesting that the court appoint a lawyer to represent him in his pending motion for reconsideration. For the reasons stated in this Memorandum and Order, Rasheed's request is being denied.

"There is no absolute constitutional right to a free lawyer in a civil case." DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). Accordingly, Rasheed has no right to be represented by counsel in the presentation of his pending motion to reconsider. However, the court has the authority under the Criminal Justice Act ("CJA") to appoint an attorney for a financially eligible person seeking relief under 28 U.S.C. §2254, upon determining "that the interests of justice so require." 18 U.S.C. §3006A(a)(2)(B); see United States v. Raghunathan, 288 Fed. App'x 2, 4 (3d Cir. 2008) (stating this general principle); Hooper v. Warden, Northern New Hampshire Correctional Facility, No. 08-cv-426-JD, 2009 WL 3568634, at *1 (D.N.H. Oct. 30, 2009) (same).

To determine whether to appoint counsel in a civil case, a court may consider "the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim; the complexity of the factual and legal issues involved; and the capability of the indigent litigant to present the case." Cookish v. Cunningham, 787 F.2d 1, 3 (1st Cir. 1986) (per curiam) (citations omitted) (considering appointment of counsel in a non-habeas civil case, pursuant to 28 U.S.C. §1915(d)); see Carmichael v. Warden, 346 F. Supp. 2d 207, 209 (D. Me. 2004) (applying the Cookish factors to assess the propriety of appointing counsel under §3006A(a)(2)(B)).

Here, Rasheed requests that the court appoint the same attorneys who were appointed to represent him in 1978: Robert

2

Sheketoff and Norman S. Zalkind. In support of this request, Rasheed states that he is indigent and without funds to hire an attorney. He raises no other argument in support of his request. Ultimately, Rasheed's motion is without merit for several reasons.

First, Rasheed's indigence, standing alone, is insufficient to justify appointment of counsel. See Huenefield v. Maloney, 2 Fed. App'x 54, 61 (1st Cir. 2001) ("[A]n indigent civil litigant . . . has no constitutional or statutory right to the appointment of counsel, even . . . [in a] habeas corpus [proceeding]."); DesRosiers, 949 F.2d at 24 (stating, in non-habeas context, that indigence alone does not mandate appointment of counsel). See also Clinton v. Jersey City Police Dept., No. 07-5686(KSH), 2009 WL 2230938, at *1 n.3 (D.N.J. July 24, 2009) (finding, among other things, that a party's "indigence alone does not support the appointment of counsel").

Second, while Rasheed has no formal legal training, that fact does not justify appointment of counsel, even in conjunction with his indigence. As this court has explained, "The fact that [the party seeking counsel] is a prisoner and is unable to retain his own counsel, or that absent counsel, he may not be on a level playing field with the respondent is insufficient to justify appointment of counsel, as this is the case for nearly all habeas petitioners." Murdaugh v. Spencer, No. 07-11544, 2008 WL 474376, at *1 (D. Mass. Feb. 17, 2008).

In addition, the record in this case includes several of

Rasheed's coherent and organized motions with incorporated memoranda of law; these demonstrate that Rasheed is capable of presenting and arguing his claims without the assistance of counsel. See DeRosiers, 949 F.2d at 24 ("[T]he record indicates that [the party requesting appointed counsel] was quite capable.... He displayed relative familiarity with the legal process, exhibited no functional impairments, drafted intelligible pleadings, and provided citations to support his legal theories."); Robinson v. Scott, 52 F.3d 1066, 1995 WL 241734, at * 4 (5th Cir. 1995) (stating that petitioner demonstrated his ability to represent himself "by filing competent pleadings and a brief which states his issues and arguments"); Carmichael, 346 F. Supp. 2d at 209 (explaining that petitioner's previous filings evidenced his ability to represent himself).

In view of the foregoing, it is hereby ORDERED that Rasheed's Motion for Appointment of Counsel (Docket No. 49) is DENIED.

    /s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE