UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
RASHAD RASHEED,                )
     Petitioner,               )
                               )
     v.                        )  C.A. No. 78-01176-MLW
                               )
                               )
PETER ST. AMAND,               )
     Respondent.               )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                          August 16, 2010

Pursuant 28 U.S.C. §2254, pro se petitioner Rashad Rasheed has filed for, and been denied, habeas relief three times. See Kines v. Butterworth, No. 78-1167 (D. Mass. May 3, 1979); Kines v. Ponte, No. 83-1054 (D. Mass. Aug. 6, 1985); Rasheed v. Bender, No. 87-1957 (D. Mass. Mar. 1, 1988). He has also repeatedly requested and been denied reconsideration, reopening of his petitions, and relief from judgment. A detailed, although partial, history of his petitions and motions is contained in the August 6, 2007 Memorandum and Order denying relief from judgment and the August 23, 2007 Memorandum and Order denying reconsideration of that denial. Most recently, on December 4, 2009, the court denied Rasheed's fourth motion for reconsideration (the "Fourth Motion"), brought pursuant to Rule 60(b)(6).

Rasheed has since filed another Motion for Reconsideration,

1

this time pursuant to Federal Rule of Civil Procedure 59(e) (the "Instant Motion"). In the Instant Motion, he argues that the court abused its discretion in denying his Fourth Motion.

"A court appropriately may grant [such] a motion for reconsideration 'where the movant shows a manifest error of law or newly discovered evidence.'" Ruiz v. Pfizer Pharmaceuticals, LLC, 521 F.3d 76, 81-82 (1st Cir. 2008) (quoting Kansky v. Coca-Cola Bottling Co. of New England, 492 F.3d 54, 60 (1st Cir. 2007)). In addition, such a motion "should be granted if the court has patently misunderstood a party . . . or made an error not of reasoning but apprehension." Id. (internal quotation marks and citation omitted). However, a party's "repetition of previous arguments is not sufficient to prevail on a Rule 59(e) motion." United States v. $23,000 in U.S. Currency, 356 F.3d 157, 165 n. 9 (1st Cir. 2004) (citation omitted).

Specifically, Rasheed alleges in Instant Motion that the court made the following errors: first, that it improperly relied on a decision by District Court Judge Richard Stearns; second, that it employed the incorrect legal standard in finding that Rasheed's Rule 60(b) motion was properly characterized as a second or successive habeas petition and that, therefore, the court lacked jurisdiction to consider its merits; and third, that it failed to certify its familiarity with the record of Rasheed's 1979 habeas proceeding which, Rasheed alleges, the court is required to do

2

pursuant to Federal Rule of Civil Procedure 63. In addition, in the Instant Motion Rasheed restates his core argument that certain allegedly exculpatory evidence was withheld by the Assistant Attorney General during Rasheed's 1979 habeas proceeding, and that this constitutes fraud on the court. For the following reasons, Rasheed's arguments are without merit and the Instant Motion is being denied.

First, the court did not "rely" upon any decision by Judge Stearns in denying Rasheed's Fourth Motion. Rather, in determining that Rasheed's Rule 60(b) motion was actually a successive habeas petition, the court relied on the Supreme Court's holding in Gonzalez v. Crosby, 545 U.S. 524, 537 (2005), the relevant nuances of which were explained in Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006).[1] See Dec. 4, 2009 Ord. at 3-4. The court concluded that Rasheed's allegation of fraud upon the court by a government attorney during the 1979 habeas proceeding necessarily implies related fraud on the state trial court by prosecutors who were privy to the same allegedly exculpatory information, and,

---

[1] Spitznas' analysis of whether/when a Rule 60(b) motion should be treated as a second or successive habeas petition has been cited with approval throughout the Tenth Circuit and beyond. See, e.g., In re Lindsey, 582 F.3d 1173, 1174-76 (10th Cir. 2009); McLean v. McGinnis, No. 97-CV-3593(JG), 2008 WL 312765, at *3 (E.D.N.Y. Feb. 4, 2008); United States v. Akers, 519 F. Supp. 2d 94, 96 (D.D.C. Nov. 6, 2007); United States v. Footman, No. 4:01cr14-RH/WCS, 2007 WL 1655416, at *3-4 (N.D. Fla. Jun. 6, 2007); United States v. Cline, Crim. No. 00-40024-03-SAC, 2007 WL 1500304, at *1-2 (D. Kan. May 21, 2007).

therefore, it is a successive habeas petition rather than a true Rule 60(b) motion. See id. at 4; see also Spitznas, 464 F.3d at 1216; Rodwell v. Pepe, 324 F.3d 66, 72 (1st Cir. 2003) (holding that a motion which alleges an "ongoing fraud" affecting both a state conviction and a habeas proceeding should be viewed as successive habeas petition, rather than a Rule 60(b) motion).[2] Rather than rely on any decision by Judge Stearns, the court merely noted that its rejection of Rasheed's Fourth Motion "comport[ed]" with the reasoning used by Judge Stearns in a 2004 decision that rejected a similar argument raised by Rasheed concerning his 1988 habeas proceeding. See Dec. 4, 2009 Ord. at 4 (citing Rasheed v. Nolan, No. 87-1957, 2004 WL 3019348 (D. Mass. Dec. 30, 2004)).

Second, while Rasheed claims that the court used the incorrect standard in characterizing Rasheed's motion for reconsideration as a second or successive habeas petition, he has not "clearly established[ed] a manifest error of law" on the court's part. FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992); see Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008). In fact, Rasheed's Instant Motion cites to part of the language from Spitznas that the court cited in the challenged order. Ultimately, Rasheed's "simple disagreement with the court's decision is not a basis for

---

[2] The court has, in less detailed language, come to this same conclusion in a previous orders. See Aug. 23, 2007 Ord. at 2-3 ("It might also have denied the motion under the second and successive rules of AEDPA"); Aug. 11, 2008 Ord. at 3 (citing to Aug. 23, 2007 Ord. at 2).

4

reconsideration." <u>Ofori v. Ruby Tuesday, Inc.</u>, 205 Fed. App'x 851, 853 (1st Cir. 2006).

Third, Rasheed's invocation of Federal Rule of Civil Procedure 63 does not provide any basis for reconsidering the court's denial of the previous motion for reconsideration. Rule 63 provides that:

> If a judge conducting a hearing or trial is unable to proceed, any other judge may proceed upon certifying familiarity with the record and determining that the case may be completed without prejudice to the parties. In a hearing or a nonjury trial, the successor judge must, at a party's request, recall any witness whose testimony is material and disputed and who is available to testify again without undue burden. The successor judge may also recall any other witness.

Fed. R. Civ. P. 63. Rasheed argues that the court's failure to certify its familiarity with the record after taking over for Judge Garrity provides a basis to reconsider its order. However, assuming that Rule 63 applies to this habeas proceeding, the record makes clear that the court has become intimately familiar with Rasheed's case during the three years in which the court has presided over it. The court's five memoranda and orders concerning Rasheed's various motions demonstrate the court's knowledge of the case's relevant factual and procedural background, as well as the applicable law. Accordingly, there is no basis for Rasheed's claim that the court has not demonstrated its familiarity with the case.

In view of the foregoing, the court reaffirms its previous holding that it lacks subject matter jurisdiction to decide the

merits of Rasheed's claim. Therefore, if Rasheed wishes to pursue this matter further, he must obtain an order from the First Circuit authorizing this court to consider the application. See 28 U.S.C. §2244(b)(3)(A); Libby v. Magnusson, 177 F.3d 43, 45 (1st Cir. 1999) (holding that, under AEDPA, "a second or successive habeas petition is not a matter of right-and the gatekeeping function belongs to the court of appeals, not to the district court"); Vinnie v. Bender, No. 07-11832-JLT, 2008 WL 2967073, at *3 (D. Mass. July 2, 2008) (same).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court must "issue or deny a certificate of appealability [("COA")] when it enters a final order adverse to the applicant." Some courts denying motions to reconsider have found it necessary to determine whether or not to issue a certificate of appealability. See, e.g., Ghashiyah v. Smith, No. 92-CV-0141, 2010 WL 1961520, at *3 (E.D. Wis. May 14, 2010) (denying a certificate of appealability after denying a successive petition "masquerading" as a Rule 60(b) motion to reconsider); United States v. Edelmann, No. 4:02CR00128 JLH, 2010 WL 1709881, at *2 (E.D. Ark. Apr. 26, 2010) (denying a certificate of appealability after denying Rule 60(b) motion to reconsider which was, in fact, a successive habeas petition).

Determining whether a COA should issue where the petition is dismissed on procedural grounds includes two questions, one

directed at the underlying constitutional claims and one directed at the District Court's procedural holding. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). A COA may be granted where a supposed antecedent procedural bar prevented the District Court from reaching the constitutional claim if (1) the soundness of the procedural ruling is debatable, and (2) the constitutional claim is colorable. See Mateo v. United States, 310 F.3d 39, 40 (1st Cir. 2002). "[B]oth showings [must] be made before the Court of Appeals may entertain an appeal." Slack, 529 U.S. at 485. Therefore, a COA will not issue if either question is answered in the negative. See id.

To meet both elements for a COA, the petitioner must show "at least that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural rulings." Id. at 478. An issue "can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003). However, the "issuance of a COA must not be pro forma or a matter of course" because Congress has "confirmed the necessity and the requirement of differential treatment for those appeals deserving of attention from those that plainly do not." Id. at 337.

The question in this case can be disposed of properly by looking only at the soundness of the court's procedural decision. See Slack, 529 U.S. at 485; Mateo, 310 F.3d at 40. The court has determined that Rasheed's petition is barred because it is successive petition which the First Circuit has not authorized him to bring. No reasonable jurist can find this conclusion to be debatable. Therefore, a COA is not being granted.

Because the court has denied a COA, Rasheed may seek a COA from the court of appeals. See §2255 Rule 11(a).

Accordingly, it is hereby ORDERED that petitioner's Motion for Reconsideration (Docket No. 44) is DENIED.

      /s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE