UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

RASHAD RASHEED,                 )
     Petitioner,                )
                                )
          v.                    )  C.A. No. 78-01176-MLW
                                )
PETER ST. AMAND,                )
     Respondent.                )

                       MEMORANDUM AND ORDER

WOLF, D.J.                                              May 3, 2011

     Pursuant to 28 U.S.C. §2254, pro se petitioner Rashad Rasheed has filed for, and been denied, habeas relief three times. He has also repeatedly requested and been denied reconsideration, reopening of his petitions, and relief from judgment. On January 21, 2011, the court denied Rasheed's most recent motion for relief, as a successive habeas petition not authorized by the First Circuit. See Libby v. Magnusson, 177 F.3d 43, 45 (1st Cir. 1999).

     Pursuant to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the court must "issue or deny a certificate of appealability [("COA")] when it enters a final order adverse to the applicant." Determining whether a COA should issue where the petition is dismissed on procedural grounds includes two questions, one directed at the underlying constitutional claims and one directed at the district court's procedural holding. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). A COA may be granted where a supposed antecedent procedural bar prevented the district court from reaching the constitutional claim if (1) the soundness of the procedural ruling is debatable, and (2) the constitutional claim is

colorable. See Mateo v. United States, 310 F.3d 39, 40 (1st Cir. 2002). "[B]oth showings [must] be made before the Court of Appeals may entertain an appeal." Slack, 529 U.S. at 485. Therefore, a COA will not issue if either question is answered in the negative. See id.

To meet both elements for a COA, the petitioner must show "at least that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural rulings." Id. at 478. An issue "can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003). However, the "issuance of a COA must not be pro forma or a matter of course" because Congress has "confirmed the necessity and the requirement of differential treatment for those appeals deserving of attention from those that plainly do not." Id. at 337.

The question in this case can be disposed of properly by looking only at the soundness of the court's procedural decision. See Slack, 529 U.S. at 485; Mateo, 310 F.3d at 40. The court has determined that Rasheed's petition is barred as a successive petition not authorized by the First Circuit. No reasonable jurist could find this conclusion to be debatable. Therefore, a COA is

not being granted.

Because the court has denied a COA, Rasheed may seek a COA from the court of appeals. See §2254 Rule 11(a).

Accordingly, it is hereby ORDERED that:

1. Petitioner's Application for Certificate of Probable Cause (Docket No. 65) is DENIED.

2. A COA is DENIED as to all claims.

       /s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE